Chester Witecki v. Commissioner.
Witecki v. Commissioner
Docket No. 104-62.
United States Tax Court
T.C. Memo 1963-256; 1963 Tax Ct. Memo LEXIS 88; 22 T.C.M. (CCH) 1280; T.C.M. (RIA) 63256; September 19, 1963
*88 Chester Witecki, pro se, 1948 Regent St., Schenectady, N. Y. Robert D. Whoriskey, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The respondent has determined deficiencies of $696.17 and $862.97 in the income tax of the petitioner for 1958 and 1959, respectively. The issues presented by the pleadings are the correctness of the respondent's action (1) in disallowing a dependency exemption taken by petitioner for 1958 for his mother, and (2) in disallowing deductions of $2,009.15 and $2,598.60 taken by petitioner for 1958 and 1959, respectively, as depreciation. Findings of Fact Some of the facts have been stipulated and are found accordingly. The petitioner is a resident of Schenectady, New York. He timely filed his Federal income tax returns for 1958 and 1959 prepared on the cash receipts and disbursements method of accounting, with the district director in Albany, New York. The petitioner has been employed by the General Electric Company in Schenectady, New York, since about 1943 and during the years in issue his work was that of machinist with a 5-day work week. The only income reported by petitioner in his income tax *89 returns for 1958 and 1959 was his wages received during those years from General Electric. During 1958 the petitioner lived with his father and mother in a home in Schenectady which was owned by petitioner's mother. During 1958 petitioner's mother received social security payments of $38 a month. During that year the petitioner's father received a pension of an undisclosed amount and received earnings of $70 a month from an undisclosed employment. In 1958 the petitioner had two married brothers with families who resided in Schenectady and a sister who resided in New York City. In his return for 1958 the petitioner took a dependency exemption for his mother. In determining the deficiency for that year the respondent disallowed the exemption. In some undisclosed year prior to or about 1955 the petitioner acquired a parcel of land situated about 8 1/2 miles from Schenectady and in and adjacent to Ballston Lake, Saratoga County, New York. About 1955 the petitioner conceived the idea of establishing a sawmill operation on the land. Subsequently and in an undisclosed year the petitioner caused an excavation to be made on the land for a foundation for the erection of a building thereon *90 and the installation of a sawmill. About 2 years thereafter the foundation was placed. In some undisclosed subsequent year or years and by the end of 1960 a building had been erected on the foundation at an undisclosed cost and some sawmill machinery and equipment had been installed in the building at an undisclosed cost. In a letter to the Internal Revenue Service, dated December 20, 1960, the petitioner stated that at no time did he ever have sufficient money to establish the sawmill business "all at once," but that from time to time he had used his wages received from General Electric to finance the undertaking. At the end of 1959 the petitioner had not completed preparations for engaging in the sawmill business and had not engaged in or begun the conduct of a sawmill business. As a consequence he had had no receipts from such a business. Forming parts of the petitioner's income tax returns for 1958 and 1959 are Schedules C, entitled "Profit (or Loss) From Business or Profession," in which the petitioner reported that during the respective years he was engaged in the business of machinist at R.D. #2, Ballston Lake, Saratoga County, New York. In the schedules he reported that *91 he had no receipts from the business during the respective years. However, in the schedule for 1958 the petitioner deducted $2,0009.15 for depreciation on a group of numerous miscellaneous assets ranging from a grain drill and other farm equipment to a sawmill and a sawmill shed. In the schedule for 1959 the petitioner deducted $2,598.60 for depreciation on the same group of assets for which depreciation was deducted for 1958 plus an additional group of assets ranging from a farm wagon to a power unit. In determining the deficiencies for the respective years the respondent disallowed the foregoing deductions take for depreciation. Opinion The petitioner contends that because of the support he provided her during 1958, his mother was a dependent of his during that year and that the respondent erred in denying him a personal exemption for her for the year. The respondent takes the position that the petitioner has failed to establish that he provided his mother, with the support requisite for the allowance to him of a personal exemption for her. Pertinent provisions of the Internal Revenue Code of 1954 are set out below. [1] Such provisions clearly require that in order for a person *92 to be a dependent of a taxpayer for a given year, such person must have received more than half of his or her support from the taxpayer during the year. Here the petitioner has not only failed to show us the amount expended for or the cost of his mother's support for 1958, but he also has failed to establish the amount or the portion thereof furnished by him. Although at the trial the petitioner stated that he had records as to the amounts he had expended to provide support for his mother during 1958, he further stated that such records were at his home. As a consequence no records were placed in evidence and none are before us. As the record stands we are unable to find that over half of the support of the mother of the petitioner during 1958 was received from him. Accordingly, the respondent's action as to this issue must be sustained. *93 Although in the Schedules C of the returns of petitioner for 1958 and 1959 he reported that during those years he was engaged in business as a machinist at Ballston Lake, the record shows that he was not engaged in any such trade or business there during those years but was engaged as a machinist in the employment of General Electric. As we understand the record relating to the activity of petitioner at Ballston Lake during those years, such activity as he engaged in there was intermittent and was as permitted by his funds and employment at General Electric and related solely to matters involved in the erection of a building and the installation of machinery and equipment preparatory to engaging in the conduct of a sawmill business there in some future year after he had completed preparations therefor. The record is clear and we have so found that at the end of 1959 petitioner had not completed preparations for engaging in the sawmill business and had not engaged in or begun the conduct of such business. Pertinent portions of the 1954 Code are set out below. [2] Such provisions by their terms provide for the allowance of a deduction for depreciation of "property used in the trade *94 or business" of the taxpayer. Since petitioner was not engaged in the sawmill business during 1958 and 1959, the properties on which he took deductions for depreciation for those years were not used in the sawmill business, nor have they been shown to have been used in any other trade or business during those years. Consequently we are unable to conclude that petitioner was entitled to the deductions taken by him for depreciation for 1958 and 1959. If we were able to find that the properties on which the petitioner has taken deductions for depreciation were used in a business of petitioner, we, on the record presented, would be unable to find that petitioner was entitled to such deductions. Aside from a few items of property involving comparatively small costs or basis, the record is silent as to when the properties on which depreciation deductions were taken were acquired, their cost or other basis, and their useful *95 lives, or the proper rate of depreciation allowable. As to the few items as to which some evidence as to dates of acquisition and cost are shown, the record is silent as to their useful lives or as to the rates of depreciation properly applicable to them. In view of the foregoing the respondent's disallowance of the deductions taken for depreciation is sustained. In their stipulation of facts the parties have set forth certain facts relating to the respondent's disallowance of items other than those considered herein, namely, dependency exemption and depreciation. Since in his petition the petitioner has assigned error only as to respondent's action respecting dependency exemption and depreciation and the pleadings do not present any issue as to the other matters, we give no consideration thereto herein. Decision will be entered for the respondent. Footnotes
1. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under subsection (c) as received from the taxpayer): * * *
(4) The * * * mother of the taxpayer * * *↩
2. SEC. 167. DEPRECIATION. (a) General Rule. - There shall be allowed as a depreciation deduction a reasonable allowance for the exhaustion, wear and tear (including a reasonable allowance for obsolescence) - (1) of property used in the trade or business * * *↩